FILED
United States Court of Appeals
Tenth Circuit

December 18, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

PATRICK DURAY PORTLEY-EL,

Plaintiff - Appellant,

v.

ROBERT STEINBECK; TIMOTHY
RITTER; CURTIS ROBINETTE; S.
ADKINS,

Defendants - Appellees.

No. 09-1297

(D. Colorado)

(D.C. No. 1:06-CV-02096-MEH-MJW)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **SEYMOUR**, and **ANDERSON**, Circuit Judges.

---

Patrick Portley-El appeals from the summary judgment entered by the

district court against him on his claim under 42 U.S.C. §1983 that he was denied

procedural due process in a disciplinary proceeding in the Arkansas Valley

Correctional Facility in Colorado.  We affirm.

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

As a result of the disciplinary proceeding, Mr. Portley-El lost some good-time credits and was placed in punitive segregation for a period of time. He sought relief in Colorado state court, which set aside and expunged the disciplinary decision. He then brought several claims under §1983 in the United States District Court for the District of Colorado. The district court granted summary judgment to the defendants. Mr. Portley-El appeals only the adverse ruling on his procedural-due-process claim. He raises three arguments.

Mr. Portley-El's first two arguments are founded on the state district-court decision. He contends that this court must respect the state court's decision that he was denied due process and, in an interesting twist on the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994), he contends that the judgment against him in federal court improperly implies that the state-court decision was erroneous and that his disciplinary conviction was valid. The first argument fails, however, because nothing in the record indicates that the state court found a denial of procedural due process under the United States Constitution. And the second argument fails because there is no inconsistency between the decisions in the federal district court and the state court; the state court could certainly set aside the disciplinary conviction on grounds other than violation of federal due process.

Mr. Portley-El's final argument is that the federal district court erred when it decided that he was not entitled to procedural due process because he was not subjected to conditions that constituted atypical and significant hardships for a

convicted prisoner. *See Sandin v. Connor*, 515 U.S. 472, 484 (1995). We agree fully with the district court. As in *Sandin* itself, Mr. Portley-El has failed to show significant differences between the punitive segregation to which he was subjected and administrative segregation at the same prison. *See id.* at 486.

We AFFIRM the judgment below. Mr. Portley-El's motion to proceed *in forma pauperis* is GRANTED. We remind him of his obligation to make payments on the filing fee until it is paid in full.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge